### RAISE OF SALARY DURING TERM OF OFFICE.

Circuit Court of Cuyahoga County.

THE STATE OF OHIO, EX REL PAUL SCHREINER, v. JAMES P. MADIGAN.

. Decided, March 28, 1905.

*Salary of Police Clerk—Power of Council to Change After Enactment of Municipal Code.*

The salary of the clerk of the police court of the city of Cleveland elected at the first election after the municipal code went into effect, may be increased by the city council then in office.

*J. M. Williams,* for plaintiff.

*N. D. Baker,* contra.

HENRY, J.; MARVIN, J., and WINCH, J., concur.

This is a proceeding in mandamus commenced in this court on the relation of the clerk of the police court of the city of Cleveland to compel the auditor of said city to authorize the payment of the increase of salary to which said clerk claims to be entitled under a recent ordinance of said city raising his compensation from $1.500 to $2,000 per year. The case is submitted on demurrer to the defendant's answer.

The office of police clerk existed before and is continued by the municipal code. The present incumbent of the office in said city was chosen thereto at the first election held after the code went into effect. No action affecting the salary of the police clerk in said city has ever been taken since a time long before the code went into effect, except the ordinance before referred to, which was passed February 13, and became effective February 28, 1905. The act of April 19, 1904 (97 Ohio Laws, 101), afforded the requisite authority for the passage of such ordinance, and the ordinance effects an increase of relator's salary, except as it may be limited by other provisions of law prohibiting the increase or diminution of an officer's compensation during his term of office. There are three such provisions in

the statutes, which, it is claimed, may apply to the present case. Former Section 1717. of the Revised Statutes, repealed by the municipal code, contained such a provision, which, it is conceded, limited the power of a municipal council, in this behalf, from the time of the passage of the old ordinance fixing the salary of the police clerk in Cleveland at $1,500 down to the time of the adoption of the code. But Section 1717, having been repealed by the code, is, in our opinion, no longer applicable, and it does not affect the present case.

The code, notwithstanding that it established a new form of government for all cities in this state, did not interrupt the corporate existence of such cities (*Fosdick* v. *Perrysburg*, 14 Ohio St., 472; *Electric Street Railroad Co.* v. *The Hamlet of North Bend*, 70 Ohio St., 46, 55). On the contrary, Section 214 of the code expressly provides that "all by-laws, ordinances and resolutions heretofore lawfuly passed or adopted by the council, board of legislation or other legislative body in any municipal corporation, and not inconsistent with this act, shall remain in force until duly altered or repealed." Hence we think the old ordinance fixing the salary of the clerk of the police court in Cleveland remained in force unless and until it is properly superseded.

Section 117 of the code provides, however, that "the present council, board of legislation or other legislative body shall fix the salaries and bonds of all officers to be elected at the first election held under the authority of this act; provided that the salaries so fixed shall not be increased or diminished during the term for which any officer may be elected or appointed."

It is conceded that the council in existence at the time of the adoption of the code took no express action fixing the salary of the clerk of the police court. But it is argued by defendant that inasmuch as the duty was mandatory upon council to take action in this behalf, its conduct in the premises is equivalent to a confirmation of the salary already fixed. We are unable to subscribe to this view. We think that under Section 214 of the code, council's failure to act did indeed leave the old ordinance in force, but we do not think that such failure to act can be

construed to an express or affirmative action by council. No salary for the clerk of the police court having been "so fixed" by the council then in existence, it follows that a limitation applicable only to salaries "so fixed" is inapplicable to his salary which had been fixed before.

Section 126 of the code contains, however, a further provision of the same sort, namely, council shall fix the salaries of all officers, clerks and employes in the city government, except as otherwise provided in this act. The salary of any officer, clerk or employe so fixed, shall not be increased or diminished during the term for which he may have been elected or appointed." This section, it will be observed, provides for the fixing of salaries, "except as otherwise provided in this act." But Section 117 provides for the fixing of the salaries of "all officers to be elected at the first election held under the authority of this act." The salary hitherto enjoyed by the relator was not fixed under the authority conferred by Section 126, and inasmuch as the limitation which is contained in this section in terms applies only to salaries "so fixed," it is not applicable to the present case.

We hold, therefore, that council had, in February, 1905, full power to change the salary of the present clerk of the police court of the city of Cleveland within the limits as to amount prescribed by law. The demurrer to defendant's answer is overruled and a peremptory writ will issue.